# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 11:53 am, Jan 03, 2014

| | |
|---|---|
| In the matter of: | Adversary Proceeding |
| DICON TECHNOLOGIES, LLC, (Chapter 11 Case Number 10-41275) | Number 12-04044 |
| *Debtor.* | |
| LLOYD T. WHITAKER, AS PLAN ADMINISTRATOR FOR THE LIQUIDATING PLAN OF DICON TECHNOLOGIES, LLC, | |
| *Plaintiff,* | |
| vs. | |
| STEVEN Y. MOSKOWITZ; MICHAEL METTER; BARRY KOLVEZON; and JOHN DOES 1-10, | |
| *Defendants.* | |

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MOSKOWITZ ON COUNT VI

Before the Court is a motion for partial summary judgment filed by Lloyd T. Whitaker[1] ("**Plaintiff**") seeking a determination that as a matter of law he may avoid

---

[1] In his capacity as Chapter 11 Trustee and later in his capacity as Plan Administrator pursuant to Article VI.D of Dicon's Liquidating Plan. (Dckt. 381.) For this Order, citations to the main bankruptcy case, number 10-41275, will appear as "(Dckt.)," and citations to this Adversary Proceeding, number 10-04014, will appear as

certain transfers made by Dicon Technologies, LLC ("**Dicon**") to Steven Y. Moskowitz ("**Moskowitz**") pursuant to 11 U.S.C. § 547(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), and the Court has jurisdiction pursuant to 28 U.S.C. § 1334. Having reviewed the record in this matter, the Court enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Dicon was placed into involuntary bankruptcy on June 18, 2010. (Dckt. 1.) Plaintiff initiated this adversary proceeding on June 29, 2012. (Compl. ("**Original Compl.**"), A.P. Dckt. 1.) Plaintiff filed an amended complaint on July 3, 2013. (First Am. Compl. ("**Am. Compl.**"), A.P. Dckt. 93.) The Amended Complaint contains twelve enumerated counts against several defendants. In Count Six, which is labeled "Avoidance of Preferential Transfers to an Insider Under 11 U.S.C. § 547(b)," Plaintiff seeks to avoid transfers totaling $475,979.45 made by Dicon to a single defendant, Moskowitz, within ninety days of the petition date.

Plaintiff filed his Motion for Partial Summary Judgment Against Defendant Moskowitz on Count VI ("**Motion**") on October 16, 2013. (A.P. Dckt. 103.) That same day, Plaintiff filed a Certificate of Service representing, *inter alia*, that Moskowitz had been served via regular, first class mail. (A.P. Dckt. 104.) Two exhibits were attached to the Motion. The first exhibit, labeled "Exhibit A: List of Transfers to Moskowitz During 90 Day

---

"(A.P. Dckt.)."

Period," purports to show the date, description (wire, teller, atm, or debit card), and dollar amount of each transfer made during the ninety-day period before the petition date (March 20, 2010 through June 17, 2010) (collectively, "**Preferential Transfers**"). (A.P. Dckt. 103-1.) As listed, the Preferential Transfers have dates ranging from March 22, 2010 to May 18, 2010.[2] (*Id.*) Plaintiff limits the Motion to seek avoidance of the Preferential Transfers only, but "reserves the right to seek further judgment as to any transfers made to Moskowitz between 90 days and 1 year prior to Dicon's bankruptcy based on Moskowitz's status as an insider of Dicon." (Mot., A.P. Dckt. 103, at 2 n.3.) The second exhibit, labeled "Exhibit B: Statement of Material Facts," contains Plaintiff's Statement of Material Facts as to Which There Is No Genuine Dispute to Be Tried ("**Statement**"). (A.P. Dckt. 103-2.)

The Clerk of Court sent a Notice ("**Notice**") to Moskowitz regarding Plaintiff's Motion on October 18, 2013. (A.P. Dckt. 105.) The Notice stated in bold typeface using all capital letters: "If you do not respond as directed in this notice, the Court may enter a final judgment against you without a full trial or any other proceedings." (*Id.* at 2.) The Notice also stated: "If you do not timely respond to this motion for summary judgment, the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you." (*Id.* at 1.) Despite this warning, Moskowitz failed to respond

---

[2] Exhibit A of the Original Complaint and Exhibit A of the Amended Complaint appear to be identical. *Compare* (A.P. Dckt. 1-1), *with* (A.P. Dckt. 93-1). The exhibits purport to list transfers made to all defendants without specifying which defendant received the particular transfer. (A.P. Dckts. 1-1, 93-1.) The exhibits list dates ranging from January 20, 2010 to May 18, 2010. (*Id.*)

to the Motion within twenty-one days from the date of service of the Motion.[3]

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 7056 makes Federal Rule of Civil Procedure ("**Federal Rule**") 56 applicable to adversary proceedings in bankruptcy. Federal Rule 56 governs motions for summary judgement. The moving party bears the burden to prove that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court "may grant summary judgment 'where the material facts concerning a claim cannot reasonably be disputed.'" *Schechter v. Ga. State. Univ.*, 341 F. App'x 560, 563 (11th Cir. 2009) (per curiam) (quoting *Garvie v. City of Ft. Walton Beach*, 366 F.3d 1186, 1190 (11th Cir. 2004)). In determining whether the movant has met its burden, the Court must examine the evidence and make all reasonable inferences in favor of the nonmovant. *In re Pony Express Delivery Servs., Inc.*, 440 F.3d 1296, 1300 (11th Cir. 2006). Once this burden is met, the nonmoving party must present specific facts that demonstrate that there is a genuine dispute over material facts. Importantly for purposes of the Motion, if a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion or grant summary judgment if the motion and supporting materials, including the facts considered

---

[3] Because Moskowitz failed to respond to the Motion, the Motion is deemed unopposed. *See* LR 7.5, SDGa ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

undisputed, show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).

Under the Rules of the U.S. District Court for the Southern District of Georgia Applicable in Bankruptcy Cases and Proceedings ("**Local Rules**"), Moskowitz had twenty-one days after being served with the Motion to make a response, but no such response was made. *See* LR 56.1, SDGa. Furthermore, pursuant to Local Rule 56.1, all material facts set forth in a summary judgment movant's accompanying statement of material facts are "deemed to be admitted unless controverted by a statement served by the opposing party." *Id.* In this case, Plaintiff submitted the Statement. Because Moskowitz failed to serve a response or controverting statement of material facts, the material facts in the Statement are deemed to be admitted and are reproduced, verbatim, below:

> 1. Dicon was placed into involuntary bankruptcy on June 18, 2010 (the "Petition Date"), when three of Dicon's creditors filed an involuntary petition against Dicon under chapter 11 of the Bankruptcy Code. (Main Docket No. 1; *see also* Second Answer, pg. 3).
>
> 2. The ninety days prior to the Petition Date ran from March 20, 2010 through June 17, 2010 (the "90 Day Period"). (*See* Main Docket No. 1).
>
> 3. The Plan Administrator, in his prior capacity as chapter 11 Trustee, filed the original complaint on June 29, 2012 (Docket No. 1; the "Original Complaint") against Defendant Steven Y. Moskowitz ("Moskowitz") and others. (*See also* Second Answer, pg. 4).
>
> 4. Moskowitz filed his answer to the Original Complaint on October 26, 2012. (Docket No. 44, the "First Answer"; *see also* Second Answer, pg. 4).
>
> 5. On November 6, 2012, Moskowitz amended his First Answer (Docket No. 55; the "First Amended Answer") in response to a defective pleading notice. The substance of the First Amended Answer is identical to the First Answer except for the deletion of a single defense. (*Compare* First Answer with First Am. Answer).

6. The Plan Administrator, acting in his former capacity as chapter 11 Trustee, received Moskowitz's initial disclosures on April 26, 2013. (Docket No. 83, the "Initial Disclosures"; *see also* Second Answer, pg. 4).

7. In his Initial Disclosures, Moskowitz admitted that he was a creditor of Dicon in response to two different inquiries. (Initial Disclosures ¶ 8 ("Dicon is indebted to Moskowitz in the amount of $120,000.00 for back salary and $219,000.00 for loans remaining unpaid."); ¶ 9 ("Dicon is the only party indebted to Moskowitz . . . .")).

8. Moskowitz further admitted that "[a]ll monies taken by Moskowitz were for salary, the repayment of loans to Dicon and for legitimate business expenses." (*Id.* at ¶ 3).

9. Finally, in the Initial Disclosures Moskowitz admitted to receiving the transfers on Exhibit A to the Original Complaint and disclosed that, "[he] was entitled to be repaid for loans to Dicon, reimbursed for his expenses and paid his salary." (*Id.*; *see also id.* at ¶ 7 ("[A]ll transfers to Moskowitz were for salary, reimbursement for expenses and repayment of loans to Dicon.")).

10. Based upon the near completion of the liquidation of Dicon's assets, unsecured creditors have received or will receive 5% of the total amount of their allowed claim. (*See* Main Docket No. 444).

11. As a result of Moskowitz's admissions in the Initial Disclosures that he received transfers from Dicon on account of antecedent debt within the 90 Day Period, the Plan Administrator filed the First Amended Complaint on July 3, 2013. (Docket No. 93; the "First Amended Complaint").

12. In the First Amended Complaint, the Plan Administrator asserts a cause of action against Moskowitz for avoidance of preferential transfers pursuant to section 547(b) of the Bankruptcy Code. (*Id.*).

13. Exhibit A to the Original Complaint and the First Amended Complaint are identical. (*Compare* Original Compl. *with* First Am. Compl.).

14. Moskowitz answered the First Amended Complaint on July 15, 2013. (Docket No. 94; the "Second Answer").

15. In the Second Answer, Moskowitz admitted paragraph 48 of the First

> Amended Complaint, which states in relevant part:
>
>> In his Initial Disclosures, Moskowitz was asked to describe in detail "all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action." Initial Disclosures ¶ 4. In response, *Moskowitz admitted to receiving the transfers on Exhibit A to the Original First Amended Complaint and disclosed that, "[he] was entitled to be repaid for loans to Dicon, reimbursed for his expenses and paid his salary." Id.* (Second Answer, pg. 4) (emphasis added).
>
> 16. As set forth on Exhibit A to the Original Complaint and the First Amended Complaint, Moskowitz admitted to receiving preferential transfers in the sum of $475,979.45 within the 90 Day Period. (*See* Initial Disclosures; Second Answer, pg. 4).
>
> 17. Dicon was presumptively insolvent during the 90 Day Period pursuant to 11 U.S.C. § 547(f).

(Statement, A.P. Dckt. 103-2.)

Bankruptcy Code § 547 provides the requirements to avoid a preferential transfer:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—

      (A) the case were a case under chapter 7 of this title;
      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the extent
provided by the provisions of this title.

11 U.S.C. § 547(b). Plaintiff bears the burden to prove the avoidability of the Preferential Transfers. *See* 11 U.S.C. § 547(g). Likewise, Moskowitz bears the burden to prove the nonavoidability of the Preferential Transfers under the conditions set forth in § 547(c). *Id.* The Court finds that none of the exceptions or defenses provided for in § 547(c) apply to the instant proceeding because Moskowitz has failed to raise them.

  Based on the record and the undisputed facts, including those deemed undisputed based on Moskowitz's failure to respond to the Statement, the Court finds that Plaintiff has met his burden of showing that there are no material facts in dispute and that he is entitled to judgment in his favor as a matter of law. The undisputed facts reveal the following. Moskowitz is a creditor of Dicon. (Statement, A.P. Dckt. 103-2, ¶ 7.) Moskowitz received the Preferential Transfers, which consisted of Dicon's property, for Moskowitz's benefit. (*Id.* ¶¶ 8–9.) Moskowitz received the Preferential Transfers for or on account of antecedent debts. (*Id.* ¶¶ 7–9.) Dicon was insolvent when Moskowitz received the Preferential Transfers. *See* 11 U.S.C. § 547(f); (Statement, A.P. Dckt. 103-2, ¶ 17.) All of the Preferential Transfers, totaling in the amount of $475,979.45, were made within ninety days of the petition date. (Statement, A.P. Dckt. 103-2, ¶¶ 2, 16.) Due to receiving the Preferential Transfers, Moskowitz received more than he would have been entitled to if Dicon filed a Chapter 7 case. (*See id.* ¶ 10.)

  Therefore, I hold that Plaintiff is entitled to summary judgment as to Count

Six of the Amended Complaint. No genuine dispute of material fact exists here. Defendant has pointed to no disputed fact material to the preference action, and the Court holds that Plaintiff is entitled to a judgment as a matter of law. Therefore, the Court grants partial summary judgment in favor of Plaintiff as to his preference claim.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Plaintiff's Motion (A.P. Dckt. 103) is GRANTED as to Count Six of the Amended Complaint (A.P. Dckt. 93). Pursuant to § 547(b), the transfers to Moskowitz referenced in Exhibit A of the Motion and made during the ninety-day preference period are hereby AVOIDED.

Dated at Savannah, Georgia, this 3rd day of January, 2014.

_____
Edward J. Coleman, III
United States Bankruptcy Judge